HARRY EASLEY v. STATE OF OHIO.

1. AVERMENT THAT TEACHER AND PUPIL WERE NOT HUSBAND AND WIFE NOT NECESSARY.

In the indictment charging a teacher with having sexual intercourse with a female pupil, under Rev. Stat. 7024 (Lan. 10738), it is not necessary to aver that such teacher and pupil were not husband and wife.

2. DEFINITE TERM OF EMPLOYMENT NOT NECESSARY TO CONVICT TEACHER OF SEXUAL INTERCOURSE WITH PUPIL.

A judgment of conviction of a teacher of music, of the crime provided for in Rev. Stat. 7024 (Lan. 10738), having sexual intercourse with a female pupil, will not be reversed because the evidence fails to disclose that the term of employment was for a definite length of time, where the fact is that the teacher was employed to give a certain number of lessons at a stated price per lesson, nothing being provided as to the time within which the lessons should be given. The word "term," as used in this statute, was not intended to mean a definite period, but the time during which the teacher continues to fill his engagement and, by virtue of his employment, has unusual opportunities for such unlawful practice.

3. OTHER ACTS OF SEXUAL INTERCOURSE AT OTHER TIMES THAN CHARGED, ADMISSIBLE.

Frequent acts of sexual intercourse between a teacher and his female pupil at times other than that charged in the indictment for such an offense, even acts at a time when the term of employment as such teacher has ceased, and acts outside the county in which the indictment is returned, if such acts are continuous and consecutive with the act charged, may be given in evidence on the trial under such an indictment as reflecting light on the relations between the parties.

4. POSITIVE TESTIMONY OF WITNESS AS TO COMMISSION OF ACT AT DIFFERENT TIME THAN STATED BY COMPLAINING WITNESS, SUFFICIENT.

The positive testimony of a witness of an act of sexual intercourse between a teacher and a female pupil that such act occurred at a certain place on Wednesday is sufficient to sustain a verdict of guilty even though the complaining witness has testified that no such act occurred at that place except on Sunday. Such testimony will not be excluded as not corroborative of the complaining witness.

[Syllabus approved by the court.]

ERROR to Huron common pleas court.

S. M. Young, for plaintiff in error.

L. W. Wickham, prosecuting attorney, for defendant in error:

Evidence of other acts of adultery or of familiarity. 1 Jones, Evidence Sec. 143; *Commonwealth* v. *Nichols*, 114 Mass. 285 [19 Am. Rep. 346] ; *Commonwealth* v. *Lahey*, 80 Mass. (14 Gray) 91; *Commonwealth* v. *Merriam*, 31 Mass. (14 Pick.) 518 [25 Am. Dec. 420] ; *Thayer* v.

Easley v. State.

*Thayer,* 101 Mass. 111; *State* v. *Snover,* 64 N. J. Law 65 [44 Atl. Rep. 850]; *State* v. *Jackson,* 65 N. J. Law 62 [46 Atl. Rep. 767]; *Lawson* v. *State,* 20 Ala. 65 [56 Am. Dec. 182]; *State* v. *Briggs* 68 Iowa 416 [27 N. W. Rep. 358]; *State* v. *Guest,* 100 N. C. 410 [6 S. E. Rep. 253]; *State* v. *Wheeler,* 104 N. C. 893 [10 S. E. Rep. 491]; *State* v. *Bridgman,* 49 Vt. 202 [24 Am. Rep. 124]; *Crane* v. *People,* 168 Ill. 395 [48 N. E. Rep. 54]; *State* v. *Stubbs,* 108 N. C. 774 [13 S. E. Rep. 90]; *Funderburg* v. *State,* 23 Tex. App. 244 [5 S. W. Rep. 244]; *People* v. *Hendrickson,* 53 Mich. 525 [19 N. W. Rep. 169]; Wharton, Crim. Ev. (9 ed.) Sec. 35; Bishop, Stat. Crimes Secs. 679-80-81-82; 2 Greenleaf, Evidence Sec. 47; *State* v. *Markins,* 95 Ind. 464 [48 Am. Rep. 733]; *People* v. *Jenness,* 5 Mich. 305; *Ramey* v. *State,* 127 Ind. 243 [26 N. E. Rep. 818]; *Baker* v. *State,* 69 Wis. 32 [33 N. W. Rep. 52]; *People* v. *Keefer,* 103 Mich. 83 [61 N. W. Rep. 338]; *People* v. *Schilling,* 110 Mich. 412 [68 N. W. Rep. 233]; *People* v. *Jamieson,* 124 Mich. 164 [82 N. W. Rep. 835]; *LaMatt* v. *State,* 128 Ind. 123 [27 N. E. Rep. 346]; *Harty* v. *Malloy,* 67 Conn. 339 [35 Atl. Rep. 259]; *Gemmill* v. *State,* 16 Ind. App. 154 [43 N. E. Rep. 909]; *People* v. *Abbott,* 97 Mich. 484 [56 N. W. Rep. 862; 37 Am. St. Rep. 360]; *Strang* v. *People,* 24 Mich. 1; *State* v. *Young,* 99 Mo. 284 [12 S. W. Rep. 642]; *State* v. *Eggleston,* 45 Ore. 346 [77 Pac. 738]; *State* v. *More,* 115 Iowa 178 [88 N. W. Rep. 322].

The fact that prosecutrix testified that defendant always forced her does not render the evidence demurrable as showing another crime, where the circumstances testified to by her tend to show that force was not used. *State* v. *Strattman,* 100 Mo. 540 [13 S. W. Rep. 814]; *State* v. *Woolaver,* 77 Mo. 103.

Evidence of subsequent acts. 19 Cyc. 1440; *Alsabrooks* v. *State,* 52 Ala. 24; *Stewart* v. *State,* 64 Miss. 626 [2 So. Rep. 73]; *State* v. *Raby,* 121 N. C. 682 [28 S. E. Rep. 490]; 1 Cyc. 962; *Crane* v. *People,* 168 Ill. 395 [48 N. E. Rep. 54]; *Funderburg* v. *State,* 23 Tex. App. 392 [5 S. W. Rep. 244]; 4 Elliott, Evidence Secs. 2796, 3151, 3168.

Statute under which convicted, Rev. Stat. 7024 (Lan. 10738). *Brown* v. *State,* 38 Ohio St. 374.

Corroboration. *Crusen* v. *State,* 10 Ohio St. 258; *State* v. *Courtright,* 66 Ohio St. 35 [63 N. E. Rep. 590]; *Boyce* v. *People,* 55 N. Y. 644; *Armstrong* v. *People,* 70 N. Y. 38; *Spies* v. *People,* 122 Ill. 1 [12 N. E. Rep. 865; 3 Am. St. Rep. 320]; *State* v. *Butts,* 107 Iowa 653 [78 N. W. Rep. 687]; *Dalton* v. *Dregge,* 99 Mich. 250 [58 N. W. Rep. 57]; *People* v. *Girdler,* 65 Mich. 68 [31 N. W. 624]; 2 Greenleaf, Evidence Sec. 55.

Huron County.

## PARKER, J.

Harry Easley was indicted under Rev. Stat. 7024 (Lan. 10738) for having sexual intercourse with Leila Burrell, it being charged in the indictment that he was her teacher in music, that she was his pupil, and that this sexual intercourse was with her consent and during the time that this relation existed. He was convicted and sentenced to a term in the penitentiary and prosecutes error to this court. Various grounds are alleged and urged upon the attention of this court for a reversal. ,

In the first place it is said that the indictment does not aver that these parties were not husband and wife, and that, since this offense could not be committed if the parties were husband and wife, that fact should be averred. The absence of such relationship is no part of the description of the offense, and it need not be averred, therefore, as a part of the description of the offense. It is true that the statute would not reach a case of this kind if the parties were husband and wife; but it does not follow that it must be averred that they were not husband and wife.

There are various circumstances that might exist that would prevent a conviction that need not be negatived by the indictment. If, for instance, the defendant were insane, that would be a good defense; that would be a circumstance which, if developed, would show that he had committed no crime; but his sanity need not be averred. Other illustrations might be given.

Though it is not distinctly averred, this indictment discloses the fact that they were not husband and wife. The statute describes the different relationship that is essential to the commission of the crime, a relationship not necessarily inconsistent with that of husband and wife, but one which does not usually accompany the matrimonial relationship, —that of teacher and pupil. It is averred here that they stand in that relation to one another,—the one being a pupil and the other a teacher; and it also appears that they have different names,—the one is the defendant, Harry Easley, and the other is the pupil, Leila Burrell.

It is also urged that the testimony does not disclose that this offense was committed during such a term of tutelage as is contemplated by this statute. It is said that when the statute was first enacted, it applied only to superintendents or teachers in parochial seminaries and other public institutions, and that therefore, when it provided that the offense must be committed during the term of engagement of such instructor, it used the word "term" in the sense that it is used with respect to such avocations and such schools i. e., a time for teaching having certain definite limitations — a term that

Easley v. State.

begins at a certain period and ends at another certain period; and that having had that meaning when the word was incorporated into the statute, when the statute was afterwards amended so as to include instructors of females in music, dancing, roller skating and athletic exercises or any branch of learning, the word "term" must be deemed to have still retained the meaning which it originally had.

The testimony in this case discloses that the plaintiff in error was a music teacher of the girl against whom this offense was committed, and that he was employed to give her a term of lessons. According to the testimony of the girl there is some uncertainty about whether the employment was for a full term,—whether she or her mother, who seems to have managed the employment, were not at liberty to discharge the teacher at any time even before he had given a term, twenty lessons; but we think the jury was justified in finding from all that was said and done at the time the teacher was engaged and subsequently, that there was an employment in the first instance to give twenty lessons, that these lessons were to be given as often as once a week and, under certain conditions, that they might be given oftener, and that the price of fifty cents a lesson was fixed upon the theory that a full term of lessons was to be given; that the engagement was for that. Now, if they were to be given regularly once a week, a term of lessons would occupy a period of twenty weeks; but if they were to be given oftener, of course, the period would be shorter. It appears in evidence that after about ten lessons had been given they were then given at the rate of two per week and that that shortened the time.

Counsel for plaintiff in error urge that, since there is such uncertainty as to the length of a term—the period of time to be covered by a term—it is not the kind of a term meant in the use of this word in the statute. If this contention should prevail it would destroy the statute, or render it ineffectual insofar as it applies to instructors in music and dancing and roller skating and athletic exercises, and the like; at least it would have that effect in most cases, for it is a matter of common knowledge that terms of lessons of these descriptions, mean a certain number of lessons not necessarily given at a certain stated period, and that a term may be long or short, depending upon the frequency or infrequency of the lessons.

We think that a fair and reasonable construction of this statute is, that if this offense were committed during the time that this relationship existed,—while one is teacher and the other is pupil; while one therefore has certain opportunities for familiarity and may exercise certain wrong influences, if so disposed,— the word "term" should not receive the narrow construction contended for it, but punishment should

follow. We hold that the jury were justified in finding that there was a term of employment within the meaning of the statute.

The evidence discloses that these persons had been guilty of frequent acts of sexual intercourse. The teacher, the plaintiff in error, was a colored man and a married man. The pupil was a young girl, a white girl under eighteen years of age, apparently a girl of not very strong moral sentiment so far as this particular line of conduct was concerned, or of very strong resolution, and it fairly appears that this man, older than she, went to work deliberately to seduce and ruin her, and that he accomplished his purpose; that their acts of sexual intercourse covered a period of several weeks running through the months of July and August of 1905. The indictment charges the act upon August 18. The testimony having developed a number of acts, the prosecutor was required by the court, on motion of defendant, to elect upon which act he would rely for conviction, and he elected to rely upon a certain act testified to by a witness of the name of Reynolds as having occurred some time in July in a certain woods northeast of the city.

The court, in charging the jury, was careful to say to them that they could not convict for any other act of sexual intercourse than that; that they must be convinced by the evidence beyond all reasonable doubt that the particular specified act of illicit intercourse transpired. But, in the course of proving the relations that had grown up between these parties, it was shown that a few days after the plaintiff in error had been discharged as the teacher in music of this girl, they met at Cleveland and stayed all night together at a hotel, and there, according to the testimony of the girl, slept together and performed acts of sexual intercourse.

A motion was made on behalf of the prisoner to take this testimony from the jury. The ground of the motion is not stated in the record, but it is sufficiently apparent, and it is now urged that it was incompetent upon the ground that these acts occurred after the termination of the term of the employment, and that, therefore, there could not be a conviction for such acts; and also that they occurred in another county than Huron county and that therefore there could not be conviction for such acts.

The court said, in overruling the motion, that there could be no conviction for such acts but, he added, the jury should understand that the defendant was not being tried for those acts; that for acts committed outside of Huron county the defendant could not be convicted in this case. On another occasion, when a like motion was made, this was repeated by the court; and in the charge to the jury they are in-

Easley v. State.

structed that they are to consider this evidence only as it may reflect light upon the relations of the parties.

It is urged by the plaintiff in error that it was not competent for any purpose, and we are cited to *State* v. *Lawrence*, 74 Ohio St. 38, a case recently decided by our Supreme Court. That was a prosecution for having intercourse with a girl under sixteen years of age with her consent. It appears that the defendant in conversation with various people admitted that he had had intercourse with the girl at certain times two years later than the time charged in the indictment and after she had reached the age of consent. The court held that it was error to admit this evidence, and the judgment of the trial court was reversed on that account by the circuit court, and the Supreme Court affirmed the circuit court. Judge Price dissents from that proposition but concurs in the judgment. It was concurred in by Shauck, Price and Summers. But that we think is very different from a case like this where the testimony tends to show a continuous and consecutive line of conduct, running along day after day, between these parties. We think that the objection to the admissions of the defendant in *State* v. *Lawrence*, *supra*, might well have been sustained on the ground that the time was too remote, it being two years subsequent to the acts charged, and there being no evidence, that the record discloses, tending to show that the illicit relation had continued along during that interim of two years, of any acts of sexual intercourse within that period.

I will not stop to read or to comment upon the authorities cited to us by the prosecuting attorney but remark that we think that the very great weight of authority and of reason supports the doctrine that under circumstances like these shown here, such evidence for the purpose for which it was admitted is competent.

The witness Reynolds testified very clearly to the act of intercourse at the time in July, in the woods. It is said that this does not corroborate the complaining witness or the person against whom the offense was committed, because Reynolds testified that this occurred upon a certain Wednesday whereas the girl testified that she never had any intercourse with the defendant in those woods at or about that time except upon a Sunday.

If the jury were compelled to rely upon the testimony of the girl as to this act,—if the jury were basing their verdict upon the testimony of the girl,—it might be logical to urge that the girl was not corroborated as the statute requires in a case of this character. But we have the clear testimony of Reynolds, and Reynolds, under the law, needs no corroboration. The testimony of Reynolds standing alone would be sufficient to sustain a verdict, unless there was something tending to show

that he was not worthy of belief, even though the girl did not testify upon the subject, or flatly contradicted him; but aside from that, we see no very serious matter in the difference in the days of the week testified to by these parties. One or the other may be honestly mistaken about the day of the week. As far as the offense is concerned, the testimony is clear that it occurred and at about that time and place.

We find no error in this record that would justify us in reversing the judgment of the court below and it will therefore be affirmed.

**Haynes** and **Wildman, JJ.,** concur.

---

## APPEALS.

[Allen (3rd) Circuit Court, November Term, 1905.]

Norris and Vollrath, JJ.

(Judge Hurin, not sitting.)